No. 374

ANDREWS v. PLANTZ

No. 19649. Supreme Court

On motion to certify. Dock. March 1, 1926; 4 Abs. 160.

225. CHARGE TO JURY—How closely must the Court adhere to well settled principles of the law of negligence in charging the jury on negligence in a damage suit for personal injury sustained as a result of a collision of two automobiles?

At a late hour of the evening on January 3, 1923, Frank Andrews was returning to Cleveland, from Geneva, Ohio, over a public highway, called Lake Shore Boulevard. There was a brick pavement on the northerly side of the roadway, about fifteen feet in width, and a strip of slag, about three feet wide, extended along the southerly side of the brick; making the paved portion of the street about eighteen feet in width. Adjacent to this pavement, on the southerly side, was frozen dirt or mud, which was quite rough and along the southerly side of the road there was an interurban street railway line.

It had been raining early that evening but had become much colder and the pavement was very icy and slippery. When Andrews reached a point some distance easterly from the city limits, he could see the headlights of two automobiles apparently approaching from the opposite direction. He says he was driving at a speed of from twenty to twenty-five miles

and hour and travelling along the northerly side of the paved portion of the street. He was an experienced driver and the brakes on his machine were in good working order. It was not until he reached a point about two hundred feet east of the other automobiles that he was able to discover that instead o1 travelling in an easterly direction toward him, as he had supposed, these other machines we standing motionless; facing toward him anu almost side by side on the pavement and completely blocking his progress.

His testimony as to what then happened is in no way contradicted, to the effect that he turned off his power, threw in the clutch and by applying and releasing his brakes made every effort to avoid a collision but, in spite of all he could do, his car slid along the icy pavement and against the northerly of the two cars standing in the roadway.

In the northerly car, the Ford Sedan, were four people. The boy, Steve Plantz, who brings this action, and who was then about seven years of age, occupied the front seat with his father, who had been operating the car, and in the rear seat was the mother of the boy and another woman. This action was brought by the minor, through his mother as his next friend, in the Cleveland Municipal Court to recover for injuries claimed to have been sustained by him on account of the collision.

The Court, it is claimed, made many erroneous, misleading and ambiguous statements in its charge of which the following are examples:

"Ordinary care is that degree of care and prudence that ought to be observed under ordinary circumstances." "Proximate cause in this case means a man of ordinary experience and care, who could have foreseen the ordinary results that are expected as a natural and ordinary result of acts complained of."

"In this case the reason this boy was injured was the result of the collision between the two cars, causing the windshield in the car to break and causing the glass to cut his face. The Court wishes to say to you right now that under those circumstances there cannot be much question, or doubt, that the proximate cause was this collision."

Andrews, in the Supreme Court, contends:

That the court committed prejudicial error in its charge to the jury and that it erred in refusing to direct a verdict for Andrews at the close of the testimony because no evidence was introduced to show any negligence on his part.

Attorneys—Scott & Bissell, for Andrews: H. F. Glick, for Plantz; all of Cleveland.